

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. WR-82,366-03

### EX PARTE OSCAR MARIO NAVARRO, JR., Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS CAUSE NO. 12-07-13541-C IN THE 79TH DISTRICT COURT FROM JIM WELLS COUNTY

*Per curiam*.

### O R D E R

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of possession of a controlled substance and sentenced to ten years' imprisonment.

In this application, Applicant alleges among other things[1] that he was denied due process during parole revocation proceedings because he was not provided with disclosure of the evidence against him, and was denied the opportunity to present witnesses and to cross-examine and confront

---

[1] This Court has considered Applicant's other claims and finds them to be without merit.

adverse witnesses at the preliminary hearing.

Applicant has alleged facts that, if true, might entitle him to relief. *Morrissey v. Brewer*, 408 U.S. 471, 489 (1972); *Gagnon v. Scarpelli*, 411 U.S. 778, 790 (1973). The record contains no responses or findings of fact. In these circumstances, additional facts are needed. As we held in *Ex parte Rodriguez*, 334 S.W.2d 294, 294 (Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court shall order the Texas Department of Criminal Justice's Office of the General Counsel to obtain an affidavit from the person or department with knowledge of the relevant facts addressing the issues of whether Applicant was provided due process in parole revocation proceedings.

If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an attorney to represent Applicant at the hearing. TEX. CODE CRIM. PROC. art. 26.04.

The trial court shall make findings of fact and conclusions of law as to whether Applicant was afforded due process during the parole revocation proceedings. The trial court shall also make any other findings of fact and conclusions of law that it deems relevant and appropriate to the disposition of Applicant's claims for habeas corpus relief.

This application will be held in abeyance until the trial court has resolved the fact issues. The issues shall be resolved within 90 days of this order. A supplemental transcript containing all affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall be forwarded to this Court within 120 days of the date of this order. Any extensions of time must be requested by the trial court and shall be obtained from this Court.

Filed: October 23, 2019
Do not publish